SILAS B. FOOT and Others v. MISSISSIPPI & RUM RIVER BOOM COM-
PANY and Others.[1]

November 9, 1897.

Nos. 10,896—(66).

Appeal—Review—Sufficiency of Evidence.
  *Held*, that the only finding of fact challenged by any of the assignments
  of error herein is sustained by the evidence.

Defendant Keith being the owner of certain pine land in Mille
Lacs county, one Lund went upon it and cut logs and removed them,
without Keith's knowledge, under an agreement with McClellan
who represented himself to be the owner.   At the same time Lund
cut logs on a neighboring tract belonging to still another person,
and the logs from the two tracts became intermingled and came
eventually into the hands of the defendant boom company at Min-
neapolis  and were sawed up.   After this apparent trespass Keith,
learning of it, claimed logs and threatened to hold them.   Lund gave
a bill of sale of the logs to plaintiffs as security for borrowed money.
One Clinch claimed to have bought the logs from plaintiffs and
defendant Townsend claimed to have bought them from Clinch.

This action was begun in Hennepin county.  Plaintiffs, Keith and
Townsend, each claimed title.  The boom company admitted the
trespass and by stipulation it was arranged that it was to hold the
money until the suit should be terminated.  The district court,
Belden, J., found, as one of the facts in the case, that Lund cut and
took possession of the logs, so taken from defendant Keith's land,
in good faith, and adjudged that plaintiff have the value of the logs,
$492.52, less $89.78 with interest at 7 per cent, which the court at
the same time adjudged to be due defendant Keith as the value of
his portion of the stumpage or standing timber of which the logs
were cut.   From an order of said court overruling his motion for a
new trial defendant Keith appealed.   Affirmed.

  *Charles Keith* and *Robert Christiansen*, for appellant.
  *Oscar Hallam*, for respondents.

[1] Reported in 72 N. W. 732.

PER CURIAM.

The only assignment of error which reaches any of the findings of fact made by the court below is the second, which, if liberally treated, challenges the correctness of the finding that Lund acted in good faith when he cut the logs on land belonging to the intervenor, Keith, and that such cutting was in the honest belief that he had a right so to do. A careful reading of the evidence bearing upon this finding compels us to say that quite a number of facts and circumstances indicate that Lund deliberately cut these logs without excuse or justification. But there was evidence which tended to establish his claim of good faith and that he was not a willful trespasser.

Although, in our opinion, the evidence preponderated in favor of the intervenor on this question, we cannot say that the finding is without evidence to sustain it. Other points made by counsel need not be specially mentioned, for they are inconsequential.

Order affirmed.